[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Bridgeport, Conn., on July 3, 1971. There are three children issue of the marriage: Michael, born August 7, 1973; Christopher, born October 12, 1976; and Karen, born April 17, 1980.
The marriage has broken down irretrievably. It is dissolved.
The plaintiff testified to verbal and physical abuse beginning two weeks after they were married and continuing all during the marriage. It would serve little purpose to describe the abuse in detail. The plaintiff said she told her mother about it and was advised that she was a Catholic, that she should not get a divorce and that maybe things would work out. They did not and finally the plaintiff decided she had enough and started this action. She did not say when she thought the marriage had broken down.
The defendant did not deny the specifics of the abuse as related by the plaintiff. He testified that the marriage broke up in 1987 when the plaintiff adopted a different lifestyle, made many new friends, stayed away from the house and finally had what he wanted to have the court believe was an affair with one Bogden Klet. Whether this was in fact an affair is of little difference in the overall picture because the relationship happened after 1987 when the marriage had already broken down.
The defendant is presently unemployed so final orders for alimony and support cannot now be entered. Consequently, the defendant is ordered to tell his attorney immediately when he becomes employed. Thereupon the plaintiff's attorney shall be told in writing the name and address of the defendant's employer, his gross weekly wage and all deductions and all benefits. The court then, either after hearing or otherwise, shall set the final amount of the alimony and the final amount of any support to be paid.
In the meantime, the defendant shall pay the plaintiff alimony in the amount of $50 a week and continue to pay it until further orders of the court. Any alimony, in whatever amount, shall be paid until the first happening of one of the following events:
a. Death of either party. CT Page 8670
b. Remarriage of the plaintiff.
 c. Cohabitation of the plaintiff within the meaning of the applicable statute.
The defendant shall maintain insurance on his life in the amount of $50,000 naming the plaintiff as irrevocable beneficiary of said insurance until his duty to pay alimony ceases by the happening of one of the above events. The defendant shall not borrow against or encumber the policy in any way and shall furnish proof of the existence of such policy on request by the plaintiff.
Custody of the child Karen is awarded-jointly to the parties and she shall live with the plaintiff. She shall spend at a minimum one weekday per week and alternate weekends from Friday to Sunday with the defendant as agreed by the parties. The defendant shall pay the plaintiff support for Karen in the amount of $50 a week until the defendant becomes employed as stated hereinabove and a final order can be entered in accordance with the guidelines on support.
Custody of the child Christopher is awarded jointly to the parties and he shall live with the defendant. He shall see the plaintiff at least one weekday per week and alternate weekends from Friday to Sunday as agreed by the parties. The plaintiff shall pay the defendant support for Christopher in the amount of $1 a year until a final order can be entered in accord with the guidelines on support.
The plaintiff may take the child Karen as a dependent for all income tax purposes and the defendant may take the child Christopher as a dependent for all income tax purposes.
The defendant shall provide health insurance for the benefit of the two children, Karen and Christopher, and shall be responsible for the cost of such insurance. All uninsured unreimbursed medical and dental bills for said children shall be shared 50/50 by the parties.
The net proceeds from the sale of the marital home at 12 Sycamore Drive in Shelton with any interest shall be divided 50/50 between the parties.
The plaintiff shall receive 50% of any benefit the defendant is entitled to and receives from the Retirement Pension Plan at Norden Systems.
The plaintiff shall retain the 1985 Oldsmobile 98 and the defendant shall relinquish any and all claims he might have to the same. CT Page 8671
The defendant shall retain all other vehicles except the Toyota which shall be turned over to his son Michael and the plaintiff shall relinquish any and all claims she might have to these cars.
The deposit in the Derby Savings Bank of $104,000 shall be divided and the plaintiff shall be paid one-half of the amount and the defendant shall be paid the other one-half of said amount.
The plaintiff shall be paid one-half of the three IRAs in the Citytrust, People's Bank and Great Country Bank, which combined total $27,883 and the defendant shall be paid the other one-half of said IRAs.
The account in the Derby Savings Bank in the amount of $30,000 shall be divided into three equal accounts for the benefit of the three children of the marriage. Both parties shall be custodians of each account so established and the signatures of both parties shall be required for any withdrawal from any or all of said accounts. Each child shall receive his/her funds form the account on his/her eighteenth birthday.
Each party shall be responsible for and pay the liabilities listed on their Financial Affidavits dated July 15, 1991.
Each party shall pay the fees of their counsel.
Thomas J. O'Sullivan Trial Referee